UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CENTRAL PENNSYLVANIA TEAMSTERS <br> PENSION FUND and its TRUSTEES: <br> WILLIAM M. SHAPPELL, TOM J. VENTURA, <br> KEVIN M. BOLIG, KENNETH A. ROSS, <br> HOWARD W. RHINIER, DANIEL W. SCHMIDT, <br> CHARLES SHAFER, ERIC W. BUCHEIT, and <br> JEFF STRAUSE <br><br> 1055 Spring Street <br> Wyomissing, PA 19610, <br><br> *Plaintiffs*, <br><br> v. <br><br> YCC HOLDINGS COMPANY <br><br> 400 Girard Avenue <br> York, PA 17403 <br><br> Serve: Anne N. Miller-Thomas <br> 400 Girard Avenue <br> York, PA 17403, <br><br> *Defendant.* | CIVIL ACTION NO. |

## COMPLAINT

Plaintiffs the Central Pennsylvania Teamsters Pension Fund and William M. Shappell, Tom J. Ventura, Kevin M. Bolig, Kenneth A. Ross, Howard W. Rhinier, Daniel W. Schmidt, Charles Shafer, Eric W. Bucheit, and Jeff Strause, as Trustees of the Central Pennsylvania Teamsters Pension Fund (all Plaintiffs collectively referred to as the "Fund" unless otherwise indicated by the context), through their undersigned counsel, hereby file this Complaint under the Employee Retirement Income Security Act of 1974 ("ERISA") (as amended), and the Labor-

1

Management Relations Act of 1947 ("LMRA"), seeking an order requiring that Defendant YCC Holdings Company ("Defendant") provide certain information necessary to collect withdrawal liability owed to the Central Pennsylvania Teamsters Pension Fund, as well as a judgment awarding withdrawal liability, interest, liquidated damages, and attorney's fees incurred by the Defendant as a result of Defendant's complete withdrawal from the Fund.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises pursuant to Section 4301(c) of ERISA, 29 U.S.C. §§ 1451(c), Section 301 of LMRA, 29 U.S.C. § 185, and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Section 4301(d) of ERISA, 29 U.S.C. § 1451(d), because the Fund is administered in this District.

## PARTIES

3. Plaintiff Fund is an employee benefit plan as defined by ERISA Section 3(3), 29 U.S.C. § 1002(3), as well as a multiemployer plan within the meaning of ERISA Section 3(37), 29 U.S.C. § 1002(37) and ERISA Section 4001(a)(3), 29 U.S.C. § 1301(a)(3).

4. Plaintiffs William M. Shappell, Tom J. Ventura, Kevin M. Bolig, Kenneth A. Ross, Howard W. Rhinier, Daniel W. Schmidt, Charles Shafer, Eric W. Bucheit, and Jeff Strause (collectively, the "Trustees") are collectively the plan sponsors within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A). The Trustees also are fiduciaries of the Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Fund is administered in Wyomissing, Pennsylvania. The Trustees bring this action on behalf of the Fund and its participants and beneficiaries pursuant to Sections 502 and 4301 of ERISA, 29 U.S.C. §§ 1132 and 1451, and Section 301 of the LMRA, 29 U.S.C. § 185, for the purpose of collecting withdrawal liability.

5. Upon information and belief, Defendant YCC Holdings Company ("YCC"), formerly The York Concrete Company, was at all times pertinent to this action an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was engaged in an industry affecting commerce within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12). YCC was at all times pertinent to this action a Pennsylvania corporation with a primary place of business at 400 Girard Avenue, York, Pennsylvania 17403.

## FACTUAL BACKGROUND

6. Until its withdrawal in the Plan Year ending December 31, 2017, YCC employed employees represented for the purposes of collective bargaining by the Teamsters Local Union No. 776 ("Union"), a labor organization representing employees in an industry affecting commerce.

7. YCC and the Union, at all times pertinent to this action, were parties to one or more Collective Bargaining Agreements ("Agreements") obligating YCC to make monthly payments to the Fund for all employees covered by the Agreements.

8. The Fund has determined that, as of December 31, 2017, YCC permanently ceased to have an obligation to contribute to the Fund and/or permanently ceased all covered operations under the Fund, thereby withdrawing from the Fund in a statutory "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

9. The Fund has determined that as a result of this complete withdrawal, YCC incurred withdrawal liability in the amount of $193,363.00, as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

10. On or about March 23, 2018, the Fund sent YCC a letter requesting information about a sales transaction between YCC and Waggoner Construction ("Waggoner"). The letter asked YCC to identify the type of transaction, the date of the transaction, whether YCC and Waggoner were related parties, the name of the entity resulting from the transaction, whether that entity would contribute to the Fund, whether the transaction memorialized YCC's obligation to contribute to the Fund, whether the resulting entity assumed the Agreement with the Union or intended to sign a new collective bargaining agreement with the Union, and asked YCC to provide contact information for the resulting entity.

11. YCC did not respond to the Fund's March 23, 2018 letter.

12. On or about May 1, 2018, the Fund sent YCC an Assessment of Withdrawal Liability in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.SC. §§ 1382(2) and 1399(b)(1). This Assessment of Withdrawal Liability informed YCC that its withdrawal liability was $193,363.00, payable in one lump sum; or fourteen full annual payments of $21,000.00 and one final partial annual payment of $4,735.18; or fifty-six full quarterly installments of $5,250.00 and a final partial quarterly payment of $4,735.18.

13. The Fund never received any withdrawal liability payments from YCC.

14. On or about July 18, 2018, the Fund sent YCC a second letter, notifying YCC that it was delinquent in its obligation to pay withdrawal liability, and advising YCC that, pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), if the amounts owed were not paid within sixty (60) days after July 18, 2018, the Fund would require immediate payment of the outstanding amount of YCC's entire withdrawal liability, plus accrued interest on that amount from the date of the delinquent payments.

15. YCC did not respond to the Fund's July 18, 2018 letter.

16. YCC never sought review of the Fund's withdrawal liability assessment within the meaning of Section 4219(b)(2) of ERISA, 29 U.S.C. § 1399(b)(2).

17. YCC never initiated arbitration of the withdrawal liability assessment within the time period specified in Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1), and is now precluded from doing so.

18. As a result of YCC's failure to timely cure its delinquency, YCC is in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), and 29 C.F.R. § 4219.31(b), and the entire amount of the liability, payable as a lump sum, is now due and owing.

19. At all times pertinent to this action, YCC as signatory to an Agreement or Agreements with the Union, was party to and bound by the terms of a collective bargaining agreement or agreements between YCC and the Union.

## COUNT I

### Violation of Section 4219(a) of ERISA

20. Plaintiffs reallege and incorporate herein Paragraphs 1 through 19.

21. Section 4219(a) of ERISA, 29 U.S.C. § 1399(a), provides that an "employer shall, within 30 days after a written request from the plan sponsor, furnish such information as the plan sponsor reasonably determines to be necessary to enable the plan sponsor to comply with the requirements of this part."

22. The Trustees reasonably determined that the information they requested from YCC in the Fund's March 23, 2018 letter was necessary to collect the assessed withdrawal liability. The information was necessary, *inter alia*, to determine if the entity resulting from the transaction between YCC and Waggoner was a successor in interest responsible for successor liability.

23. YCC has failed to furnish the information that the Trustees requested.

24. Section 4301(a) of ERISA, 29 U.S.C. § 1451(a), provides that a "plan fiduciary who is adversely affected by the act or omission of any party under this subtitle with respect to a multiemployer plan . . . may bring an action for appropriate legal or equitable relief, or both."

25. YCC's failure to furnish that information has adversely affected the Trustees' ability to collect withdrawal liability.

26. Pursuant to ERISA Section 4301(e), 29 U.S.C. § 1451(e), due to YCC's failure to provide the requested information, the Fund is entitled to its costs and expenses, including reasonable attorney's fees, expended in its efforts herein.

## COUNT II

### Violation of Section 515 of ERISA

27. Plaintiffs reallege and incorporate herein Paragraphs 1 through 26.

28. YCC is in default within the meaning of Section 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A), and 29 C.F.R. § 4219.33, and the entire amount of the withdrawal liability is now due and owing.

29. Section 4301(b) of ERISA, 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

30. By the foregoing conduct, YCC has violated Section 515 of ERISA, 29 U.S.C. § 1145, and is liable under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for withdrawal liability in the amount of $193,363.00; interest on the delinquent quarterly withdrawal liability contributions from the date due at the Fund's interest rate, as well as other interest accruing on the defaulted withdrawal liability; liquidated damages equal to the

greater of interest or twenty percent (20%) of the withdrawal liability; and reasonable attorney's fees and costs of this action.

**WHEREFORE,** Plaintiffs pray that the Court:

(A)     Order Defendant to provide the information the Fund requested in the March 23, 2018 letter, as well as additional information, that the Trustees have reasonably determined is necessary to enable the Trustees to collect the assessed withdrawal liability;

(B)     Order Defendant to pay to the Fund a judgment in favor of the Pension Fund against YCC Holdings Company for:

(1)     withdrawal liability in the amount of $193,363.00;

(2)     interest on all amounts due, from the dates they became due and owing, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(3)     liquidated damages of twenty percent (20%) of the delinquent amounts as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2);

(4)     attorneys' fees and other costs and disbursements in this action as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2);

(5)     costs and expenses under ERISA Section 4301(e), 29 U.S.C. 1451(e); and

(6)     additional amounts which may become delinquent during the pendency of this action or which become ascertainable based on the Fund's review of the Defendant's employment records; and

(C)     Grant such other and further relief as the Court may deem just.

January 18, 2019

                                                    Respectfully submitted,

                                                    /s/ A. Klair Fitzpatrick
                                                    A. Klair Fitzpatrick
                                                    MORGAN, LEWIS & BOCKIUS
                                                    1701 Market Street
                                                    Philadelphia, PA 19103
                                                    (215) 963-4935 (tel)
                                                    (215) 963-5001 (fax)
                                                    Klair.fitzpatrick@morganlewis.com

                                                    Thomas K. Wotring
                                                    MORGAN, LEWIS & BOCKIUS
                                                    1111 Pennsylvania Avenue
                                                    Washington, DC 20004
                                                    (202) 739-3000 (tel)
                                                    (202) 739-3001 (fax)

                                                    Counsel for Plaintiffs

       A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h), and on the Pension Benefit Guarantee Corporation, as required by ERISA Section 4301(g), 29 U.S.C. § 1451(g).